

**U.S. Department of Justice**

*Eastern District of Louisiana*
*U.S. Attorney's Office*

---

| | | |
|---|---|---|
| Jon Maestri<br>Assistant United States Attorney | 650 Poydras Street, Suite 1600<br>New Orleans, Louisiana 70130 | Telephone: (504) 680-3187<br>Fax: (504) 589-7152 |

November 30, 2015

The Honorable Nannette Jolivette Brown
United States District Judge
Eastern District of Louisiana
500 Poydras Street, C-205
New Orleans, Louisiana 70130

```
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED   DEC 22 2015
WILLIAM W. BLEVINS
CLERK
```

    **Re:**   *United States v. Walter Oil & Gas Corporation*
           **Criminal Docket No. 15-245 "G"**

Dear Judge Brown:

    In compliance with the holding of *Bryan v. United States*, 492 F.2d 775 (1974), and with Rule 11 of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the United States Attorney for the Eastern District of Louisiana and Walter Oil & Gas Corporation, the defendant in the above-captioned (hereinafter the "Company" or "defendant") proceeding. Defendant's counsel has reviewed the terms of this agreement and has been advised by the Company that the Company fully understands the terms of this agreement. The Company has authorized a corporate representative to enter into this plea agreement on the Company's behalf. Additionally, the Company agrees to waive its right to grand jury indictment.

    The defendant, Walter Oil & Gas Corporation, has agreed to plead guilty to Count 1 of the one-count Bill of Information charging it with a felony violation of the Oil Pollution Act for failure to report the discharge of a hazardous substance under Title 33, United States Code, Section 1321(b)(5)(c). In exchange for the defendant's plea of guilty, the United States Attorney for the Eastern District of Louisiana agrees not to file any additional charges against the defendant arising out of the conduct outlined in the Bill of Information and factual basis, unless the defendant withdraws its decision to plead guilty or violates the terms of this plea agreement.

    The defendant understands that the maximum penalty it faces is a five (5) year term of probation and a fine of not more than $500,000, or the greater of twice the gross pecuniary gain to the Company or twice the gross pecuniary loss to any person under Title 18, United States Code, Sections 3561(c)(3) and 3571(d).

    Further, the defendant understands that a mandatory special assessment fee of $400.00 shall be imposed under the provisions of Title 18, United States Code, Section 3013. This special assessment must be paid on the date of sentencing.

```
___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____
```

Pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, and the agreement made between the Government and the Company, the Government and the Company agree and stipulate to the following plea and sentence applicable to this case:

(1) The Company shall plead guilty to the one-count Bill of Information, charging the Company with violating Title 33, United States Code, Section 1321(b)(5) for the failure to report a discharge of hazardous substances into the waters of the United States. The facts constituting these violations shall be more thoroughly described in the Factual Basis submitted herewith.

(2) In exchange for the Company's guilty plea, the Government agrees that it will not bring any other charges against the Company or any individuals arising from or related to any and all conduct that occurred in the Eastern District of Louisiana that was revealed by the investigation of the Company and known to the Government at the time of signing of the plea agreement. Nothing in this agreement shall be construed to release the defendant from possible related or consequential civil liability (including administrative sanctions) to any individual, legal entity, or the United States.

(3) The Company further agrees to pay a total criminal monetary penalty of **$400,000**. Of the **$400,000** penalty, the Company agrees that **$80,000** shall be paid as an organizational community service payment as follows:

The Company will pay (1) $40,000 to the Louisiana Department of Environmental Quality; check payable to the "LDEQ Environmental Trust Fund." This payment is for the exclusive use of LDEQ to defray the costs of equipment which may include cameras, surveillance equipment, and vehicles to be used in connection with, or in support of, the detection, monitoring, testing, response and/or investigation of dumping, emissions, discharges, spills, or leaks involving violations of environmental regulations and laws; (2) $30,000 to the Louisiana State Police Emergency Services Unit; check payable to "LSP Hazardous Materials 4629 EPA." This payment shall be for the exclusive use of the LSP Emergency Services Unit; and (3) $10,000 to the Southern Environmental Enforcement Network check payable to "Southern Environmental Network Enforcement Training Fund," which will be used to train state and local environmental enforcement personnel. The Company agrees that $80,000 shall be paid as an organizational community service payment pursuant to §8B 1.3 of the Federal Sentencing Guidelines and in furtherance of satisfying the sentencing principles provided for under 18 U.S.C. § 3553(a). Because the community service payment is designated as community service by an organization, the Company agrees that it will not seek any reduction in its tax obligations as a result of these payments. In addition, since the payment constitutes community service, the Company will not characterize, publicize, or refer to the payment as a voluntary donation or contribution. The Company will

2

further not capitalize into inventory or take as a tax deduction, in the United States or elsewhere, any portion of the monetary payments made pursuant to this plea agreement.

(4)  The Company agrees to pay the monetary penalty as follows:

   (a)  The community service payment of **$80,000** shall be paid in full on or before the day of sentencing;

   (b)  The remaining fine amount of **$320,000** shall be paid to the United States Treasury as follows: **$50,000** on or before the day of sentencing with the remaining balance paid in **three installments of $90,000** not later than every 90 days following sentencing.

(5)  As set forth above, the Company must pay a special assessment of $400.00 on the day of sentencing.

(6)  The Company will be placed on organizational probation for a period of two (2) years from the date of sentencing. The terms of probation shall be:

   (a)  The Company agrees that it shall commit no further criminal violations including those federal laws and regulations for which primary enforcement has been delegated to state authorities;

   (b)  The Company shall notify the probation officer within seventy-two hours of any criminal prosecution against it or knowledge of any criminal referral from regulatory authorities;

   (c)  Payment in full of the monetary amounts set forth herein including all special assessments, fines and restitution, and community service, in accordance with the payment schedule set forth above in (4);

   (d)  The Company agrees that it will not take any adverse action against personnel on the basis of their cooperation with the investigation. Prohibited adverse actions include, but are not limited to, dismissal from service.

(7)  The parties do not believe that restitution is applicable in this case.

The defendant agrees to knowingly, voluntarily, and expressly waive any rights pursuant to Rule 410 of the Federal Rules of Evidence. The defendant understands and agrees that in the event it violates the plea agreement, withdraws its decision to plead guilty, or its guilty plea is later withdrawn, any statements made by any Company representatives to law enforcement

3

agents before or after the execution of the plea agreement, any re-arraignment colloquies in connection with this case, any factual bases or summaries recorded as part of the guilty plea, any testimony given by any Company representative before a grand jury or any tribunal, and any leads from such statements, testimony, or colloquies shall be admissible for all purposes against it, including in the United States' case-in-chief, in any and all criminal proceedings.

The Company hereby expressly waives its rights to appeal from its conviction and/or its sentence. The Company further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment," Title 18, United States Code, Section 3006A and the Company acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

Further, if applicable given the Rule 11(c)(1)(C) plea, the Company understands that any discussions with the Company's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The Company understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes.

Walter Oil & Gas Corporation also agrees to adhere to the following terms of an Environmental Compliance Plan: (1) continued adherence and utilization of the current active Oil Spill Response Plan ("OSRP"), to be maintained as required under 30 CFR Parts 250 and 254, as applicable; (2) continued adherence and utilization of the current active Duties and Organization Chart: an Organization Chart to reflect a specific Walter Oil & Gas representative assigned to make notification to the appropriate regulatory authority regarding all overboard spills and/or subsea releases, which contact is to be communicated to all applicable vendors on a project by project specific basis, so that any and all overboard spills and/or subsea releases may be reported to this assigned contact upon discovery; (3) Regular Training is to be continued and, to the extent necessary, expanded upon in Standard Operating Procedures: All field personnel will be trained on the responsibilities of controlling/minimizing all overboard spills and/or subsea releases and the reporting requirements – per the OSRP; (4) The training should be uniform and be performed on a regular schedule (annual) and include the appropriate contact for individuals on site to report releases, which will further include notice, via the Walter Oil & Gas Corporation Stop Work Authority Policy, that individuals that provide notifications of these releases will not be retaliated against to include any employee or independent contractor involved in the manning and/or operation of Walter Oil & Gas facilities, including all persons working for Walter Oil & Gas, its subsidiaries, as either direct employees or independent contractors or entity making any such report.

The $320,000 fine and the community service payment of $80,000 represent the total amount to be paid by the Company pursuant to the guilty plea and no other fine/restitution shall be applicable in this case. The Company agrees that the fine and community service will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to this obligation.

4

This plea agreement shall bind the defendant and any subsidiaries and affiliates, and all successors-in-interest. During the two-year probationary period, the defendant shall provide immediate, written notice to the Government of any of the following: (i) any corporate name change, (ii) any other change impacting upon or affecting this plea agreement, or (iii) any change in the principal business location or mailing address. During the two-year probationary period, the defendant shall provide periodic, written notice to the Government of any purchase, sale or transfer of a controlling interest in any offshore facility located within the BSEE Houma district for the Gulf of Mexico. No change in name, change in corporate or individual control, business reorganization, bankruptcy, change in ownership, merger, change in legal status, sale or purchase of assets, or similar action shall alter or diminish the Company's obligations under this plea agreement. Assets sold or transferred by the Company will not be subject to the requirements of this plea agreement after the date of sale or transfer. The Company further agrees that it will not engage in any business reorganization, transfer of ownership, corporate dissolution, or other business practice, including the sale or transfer of assets, in order to avoid the obligations set forth in this plea agreement.

The Company understands that the statements set forth above and the Factual Basis to be filed in the record represent defendant's entire agreement with the Government and that there are no other agreements, letters or notations that will affect this plea agreement.

Very truly yours,

KENNETH ALLEN POLITE, JR.
UNITED STATES ATTORNEY

_____
JON MAESTRI
Assistant United States Attorney

_____
CHAD ELIAS
Duly-Authorized Corporate Representative
for Walter Oil and Gas Corporation

_____
TERRENCE K. KNISTER
Counsel for Defendant

5